United States Court of Appeals,

Fifth Circuit.

No. 93-7201

Summary Calendar.

Marlene V. DEAL, Plaintiff-Appellant,

v.

STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, et al.,
Defendants-Appellees.

Oct. 22, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Marlene Deal sued Tom Hunt and State Farm[1] alleging violations of Title VII, 42 U.S.C. §

2000e, *et seq.,* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

The district court dismissed the suit for lack of jurisdiction. We affirm.

*Background*

Tom Hunt owns a small independent insurance agency which sells State Farm insurance

policies. After working for Hunt for fifteen years, Marlene Deal was discharged by him. Deal sued

Hunt and State Farm alleging that the discharge violated Title VII and the ADEA.

Hunt and State Farm moved to dismiss for lack of subject matter jurisdiction arguing that

they were not "employers" within the meaning of Title VII or the ADEA.[2] Hunt argued that he was

---

[1]Deal named the following State Farm companies: State Farm County Mutual Insurance Company of Texas, State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Life Insurance Company, State Farm Lloyds Insurance Company, and State Farm Mutual Automobile Insurance Company. We refer to these companies collectively as "State Farm."

[2]The ADEA defines employer as "a person ... who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year [and] any agent of such a person." 29 U.S.C. § 630(b). Title VII defines an employer as "a person ... who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b).

not an "employer" under Title VII or the ADEA because he never employed the requisite number of employees. St ate Farm contended that it could not be Deal's "employer" because there was no employment relationship between it and Deal. The district court granted the motions. Deal appeals claiming that the district court erred because (1) she is an employee of State Farm and (2) Hunt is an agent of State Farm.

*Discussion*

Deal's first contention is that State Farm was her employer. In determining whether an employment relationship exists within the meaning of Title VII and the ADEA, we apply a "hybrid economic realities/common law control test." *Fields,* 906 F.2d at 1019 (citing *Mares v. Marsh,* 777 F.2d 1066 (5th Cir.1985)). The right to control an employee's conduct is the most important component of this test. *Fields,* 906 F.2d at 1019. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. *See Id.* at 1020; *Mares,* 777 F.2d at 1068. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *See Mares,* 777 F.2d at 1068.

State Farm did not control Deal, and the economic realities of her relationship with State Farm did not suggest an employer/employee relationship. Hunt was solely responsible for hiring, supervising, and firing her and setting her work schedule. Deal was also dependent on Hunt as a matter of economic reality because he paid her salary, withheld taxes from her paycheck, provided her benefits,[3] and established the terms and conditions of her employment. Therefore, Deal had an employment relationship with Hunt, not State Farm.

---

Determining whether a defendant is an "employer" under Title VII or the ADEA involves a two-step process. First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant. *See generally, Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017, 1019 (5th Cir.1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991).

[3]When selecting a retirement and medical plan for himself and his employees, Hunt chose State Farm insurance products. Deal incorrectly argued that this meant that State Farm provided her benefits.

In support of her contention that she is an employee of State Farm, Deal refers to an employee handbook which Hunt provided to his employees. The handbook states, "We are committed to comply with all federal and state statutes and regulations." Deal contends that "we" refers to Hunt and State Farm. Other than her conclusory assertions, she offers no evidence to support her argument. Even if "we" referred to Hunt and State Farm, this would not be sufficient to establish an employment relationship between State Farm and Deal.[4]

Deal's second theory of jurisdiction is that Hunt is an agent of State Farm. Title VII and the ADEA define "employer" as a person who has a certain number of employees and any agent of such person. Although Hunt is a State Farm insurance agent, he is not an agent of State Farm within the meaning of Title VII and the ADEA. We agree with the other courts that have addressed this issue and hold that an agent under Title VII and the ADEA must be an agent with respect to employment practices. *See York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982) (finding that an "agent" for the purposes of Title VII and the ADEA is limited to supervisory or managerial employees to whom employment decisions have been delegated by an employer); *Fike v. Gold Kist,* 514 F.Supp. 722 (N.D.Ala.) (holding that Title VII requires an "agency relationship which establishes an employment nexus"), *aff'd without opinion,* 664 F.2d 295 (11th Cir.1981); *Konieczny v. Derickson,* 43 Fair Empl.Prac.Cas. (BNA) 251, 1987 WL 56671 (S.D.Ill.1987) (holding that a State Farm insurance agent is not an agent within the meaning of Title VII). Because Hunt was solely and independently responsible for all employment related decisions, he was not acting as State Farm's agent with respect to employment practices.

For the forgoing reasons, the district court's judgment dismissing Deal's claims is AFFIRMED.

---

[4]*Cf. Mares,* 777 F.2d at 1069 (stating that "the mere fact that [commissary workers] must comply with certain Army regulations is not enough to make them employees of the Army").