44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James A. ALLEN
v.
Edward P. McENTEE, et al.
 Nos. 93-7076, 93-7077.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 8, 1994.
 
 Before: SENTELLE, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the decision of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges a decision of the district court dismissing for lack of jurisdiction his claim that appellee RLEA discharged him from his employment in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 621, et seq. (1988) (ADEA), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e, et seq. (1988) (Title VII). We agree with the district court.
 
 
 5
 A federal district court has subject matter jurisdiction to hear a discrimination claim under the ADEA if the defendant employs at least twenty persons. See 29 U.S.C. Sec. 630(b). Similarly, for an action to stand under Title VII, the defendant must employ at least fifteen persons. See 42 U.S.C. Sec. 2000e(b).
 
 
 6
 Appellant concedes his employer, the Railway Labor Executives' Association (RLEA), does not employ the requisite number of persons to be covered as an employer under either the ADEA or Title VII. Nevertheless, he asserts the RLEA and the labor organizations for which its members serve as chief executives are an integrated enterprise. As a result, appellant alleges those persons employed by these organizations count in satisfying the numerical requirements of both these statutes. Alternatively, appellant contends the RLEA is an agent of the labor organizations for purposes of satisfying the statutes' numerical requirements.
 
 
 7
 We reject both assertions. Appellant has supplied not a strand of evidence supporting his position on either count. With regard to his integrated enterprise theory, appellant merely provides conclusory statements embodying the factors courts use to determine if a single employer actually exists. See Armbruster v. Quinn, 711 F.2d 1332, 1337 (6th Cir.1983) (applying a four-part test to determine whether a single entity exists). Similarly, appellant has failed to supply any evidence the RLEA is the agent of the labor organizations with respect to their employment practices. See Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117, 199 (5th Cir.1993) (holding an agent under Title VII and the ADEA must be an agent with respect to employment practices and decisions).
 
 
 8
 Contrary to appellant's position, we find the district court properly adhered to the standards governing a motion to dismiss for lack of subject matter jurisdiction. Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C.Cir.1992). The court properly considered evidence presented by appellees supporting their motion to dismiss. Appellant provided no evidence in rebuttal. Nor did appellant seek discovery or request the court to hold appellees' motion to dismiss in abeyance to allow him time to conduct discovery.
 
 
 9
 Finally, the lower court correctly found the Labor Cooperative Educational and Publishing Society was not appellant's employer. We adopt the lower court's reasoning. This issue merits no further discussion.
 
 
 10
 For the foregoing reasons, we affirm the district court.