IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30577
Summary Calendar

_____

MELINDA E. FOSTER,

                                        Plaintiff-Appellant,

versus

ALFRED HALL, Etc. Et Al.,

                                        Defendants,

ALFRED HALL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN
EMPLOYEE OF THE LAFAYETTE PARISH CORONER'S OFFICE AND LAFAYETTE
CITY-PARISH CONSOLIDATED GOVERNMENT; CHARLES BOUSTANY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
LAFAYETTE PARISH CORONER'S OFFICE AND LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT; CORONER OFFICE OF LAFAYETTE PARISH;
CONSOLIDATED GOVERNMENT OF LAFAYETTE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-1670)

_____
December 5, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Melinda Foster appeals summary judgments dismissing her Title

VII and Family and Medical Leave Act (FMLA) claims against

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Louisiana Consolidated Government (LCG), Charles Boustany (Coroner), and Alfred Hall (employee of Coroner's Office). Foster's complaint states: she was terminated from the Coroner's Office, in violation of the FMLA; she was subjected to racial and sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 during her employment at the Coroner's Office; and, her termination was a retaliatory discharge executed as a result of her medically excused absences and complaints she made about the racial and sexual harassment.

A summary judgment is reviewed *de novo*. ***Amburgey v. Corhart Refractories Corp., Inc.***, 936 F.2d 805, 809 (5th Cir. 1991). Such judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" ***Id.*** (quoting FED. R. CIV. P. 56(c)).

With respect to the summary judgment in favor of LCG, Foster provided no evidence that, if accepted as true, would establish an employer-employee relationship between LCG and Foster, as is required under both Title VII and the FMLA. *See* 42 U.S.C. §§ 2000e-2(a), 2000e-5; 29 U.S.C. §§ 201-207.

The summary judgment record established that the Coroner had the sole authority to hire and fire Foster, set her compensation, and direct the responsibilities of Foster and her co-workers. *See* ***Deal v. State Farm County Mut. Ins. Co. of Texas***, 5 F.3d 117, 118

2

(5th Cir. 1993).  Foster presented evidence that she received certain employment-related documents from LCG.  It is undisputed that LCG paid Foster's salary and that the employment-related documents relate to this role.

Foster's evidence, however, does not show the existence of an employer-employee relationship.  *See* ***Bloom v. Bexar County***, 130 F.3d 722, 725 (5th Cir. 1997) (ministerial task of paying the salaries of the employee under the direction of state law does not create an employer-employee relationship).  *See also* ***Oden v. Oktibbeha County, Miss.***, 246 F.3d 458, 465 (5th Cir.), *cert. denied*, 122 S. Ct. 341 (2001).

(Appellant also contends that there was "entanglement" but offers no support for this theory.  We are unaware of any authority on this "entanglement" theory that would allow Foster to maintain a claim against LCG.)

 With respect to the summary judgment in favor of the Coroner, Boustany, the summary judgment record does not show either that Boustany is an "employer" subject to Title VII or that Foster is an "eligible employee" under the FMLA.  To qualify as an "employer" under Title VII, the Coroner must employ "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year".  42 U.S.C. § 2000e(b).  Under the FMLA, "eligible employee" does *not* include "any employee of an employer who is employed at a worksite at which such employer

3

employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50". 29 U.S.C. § 2611(2)(B)(ii).  Only four employees worked at the Coroner's office.

With respect to the summary judgment in favor of Hall, on appeal Foster has abandoned her Title VII claim against Hall.  *See* **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987) (claims not presented on appeal deemed abandoned).

With respect to the FMLA claims against Hall, Foster cannot sue Hall under the FMLA because she is not an "eligible employee", as discussed *supra*.  Further, even if she were eligible for FMLA's protections, Foster does not provide any evidence that Hall violated the FMLA.  Foster has not shown that Hall had the authority to fire her or made the decision to do so.  It is undisputed that Boustany *not* Hall made the decision to discharge Foster.

*AFFIRMED*

4