**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 09-10402
Summary Calendar

BRANDON K. THRASHER

Plaintiff-Appellant

v.

AMARILLO POLICE DEPARTMENT; CITY OF AMARILLO; NFN CASTILLO,
OFFICER; POTTER COUNTY DETENTION CENTER

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CV-00106

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Brandon Thrasher, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the Amarillo Police Department, the City of Amarillo, officer Castillo and the Potter County Detention Center. The district court dismissed Thrasher's complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Thrasher argues primarily that the district court erred because it failed to "allow[ him] the maximum 40-day extension to file [his] brief" which he supposedly "requested over the phone." But, to the extent that Thrasher is challenging the district court's failure to extend the 30-day deadline pursuant to Federal Rule of Appellate Procedure 4(a) to file his notice of appeal, any such extension is within the district court's discretion, and Thrasher fails to explain how the district court supposedly abused its discretion in not granting the extension. *See Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007); *United States v. Gonzales-Reyes*, 210 Fed. App'x 416 (5th Cir. 2006) (unpublished).

To the extent that Thrasher also argues that the district court's dismissal of his complaint was improper, this court has repeatedly held that conclusory statements of the type found in Thrasher's brief, such as "[a]ll of my pleadings and motions . . . will easily speak for themselves, and easily prove my claims and complaint are for real and valid," are insufficient even for a pro se appellant. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived."); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (argument lacking cite to authority is deemed abandoned); *Leffebre v. Collins*, 15 F.3d 179, 1994 WL 24883, at *2 (5th Cir. 1994) (unpublished) (inadequate briefing, even for a pro se litigant, amounts to abandonment of argument); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744 (5th Cir. 1987) (appeal of § 1983 action that does not address the merits of the lower court's opinion is abandoned).

We therefore AFFIRM the district court's ruling.