# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-31182
Summary Calendar

Lyle W. Cayce
Clerk

JUSTO E. ROQUE, JR.,

Plaintiff - Appellant

v.

JAZZ CASINO COMPANY LLC; LUCIOUS NEWELL, erroneously designated as Mr. Lucious Safety Manager; FULL SERVICE SYSTEMS CORPORATION, erroneously designated as FSS/SCC Companies, Com.; SOUTHERN SERVICES CORPORATION, erroneously designated as FSS/SCC Companies, Com.; MAXIMILIANO J. GALLAC, Manager,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:09-CV-2552

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Justo E. Roque, Jr. appeals the district court's FED. R. CIV. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983; Title VII, 42 U.S.C. § 2000e *et seq*.; and 42 U.S.C. § 1981 claims against Jazz Casino Co. and its employee, Lucious Newell.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31182

He also appeals the district court's dismissal of the same claims against Full Services Systems Corp., Southern Services Corp. (collectively, "FSS"), and its employee, Maximiliano Gallac, for failure to amend his complaint to comply with FED. R. CIV. P. 8(a).

Jazz Casino, owner of Harrah's New Orleans Hotel and Casino, contracts with FSS for custodial workers. FSS employed Roque and assigned him to perform custodial work at Harrah's. Roque was mopping a floor when Newell, a Harrah's supervisor, inquired why Roque had not placed a caution "wet floor" sign in the doorway. The disagreement escalated, and Newell requested that Gallac, Roque's FSS supervisor, order Roque home for the night. Roque was fired three days later for failure to follow company and property rules.

Roque subsequently filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") alleging Title VII violations. The EEOC dismissed the complaint, finding insufficient information to support a statutory violation. Roque then filed a nearly unintelligible complaint in district court, asserting that Newell had made discriminatory racial or ethnic slurs toward Roque. Jazz Casino and Newell, asserting they were not Roque's employers, filed a motion for dismissal under FED. R. CIV. P. 12(b)(6) or, alternatively, under FED. R. CIV. P. 56. The district court granted the 12(b)(6) motion. FSS filed a FED. R. CIV. P. 12(e) motion for a more definitive statement of Roque's pleading, which the district court granted in an order specifying that failure to timely amend the complaint would result in dismissal of the lawsuit. Roque failed to submit an amended complaint, and the district court dismissed his lawsuit.

We review de novo a district court's grant of a FED. R. CIV. P. 12(b)(6) motion to dismiss "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations and citation omitted). "Dismissal is

appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face and has failed to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted).  As in this case, where Roque is proceeding pro se, "it is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club*, 599 F.3d 458, 461–62 (5th Cir. 2010).

Roque's § 1983 claim fails as a matter of law because Jazz Casino and Newell are not state actors.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible . . .").  Therefore, the district court did not err in dismissing Roque's claims against Jazz Casino and Newell under FED. R. CIV. P. 12(b)(6).

Roque also appeals the dismissal of his Title VII and § 1981[1] claims against Jazz Casino and Newell, arguing that because FSS contracts with Jazz Casino, Jazz Casino is also his employer.  Jazz Casino disputes such a characterization, and Newell submitted a declaration stating that neither he nor Jazz Casino employed Roque.  The declaration also stated that Jazz Casino and FSS did not have interrelated operations or common management, ownership, or financial control.

Because the district court's order adopted the magistrate judge's report and recommendation, which referenced Newell's declaration, the district court should have considered Jazz Casino and Newell's motion to dismiss Roque's Title VII and § 1981 claims as one for summary judgment rather than a dismissal on the pleadings. *See  Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283

---

[1] The elements of Title VII and § 1981 claims are "identical," so both are encompassed in the discussion of the Title VII claim. *Anderson v. Douglas & Lomason Co.,* 26 F.3d 1277, 1284 n.7 (5th Cir. 1994) (citations omitted).

(5th Cir. 1993) ("[W]hen matters outside the pleadings are considered, a motion for dismissal based on failure to state a claim is converted into a motion for summary judgment . . . ."(citations omitted)). Therefore, we review the dismissal of these claims de novo under the summary judgment standard. *See Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) (citation omitted). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmovant, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *Brooks, Tarlton, Gilbert, Douglas & Kressler v. U.S. Fire Ins. Co.*, 832 F.2d 1358, 1364 (5th Cir. 1987).

An employer may not discriminate against an employee on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Under Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e. Two steps are required to determine whether a defendant is an employer under the statute: (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant. *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citations omitted). To determine whether a Title VII employment relationship exists, we use a hybrid economic realities/common law control test, of which the right to control an employee's conduct is the most important component. *Id.* at 118–19 (internal quotations and citations omitted). "When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employer, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* at 119 (citations omitted).

Roque did not provide specific evidence to demonstrate his employment relationship with Jazz Casino and Newell. Therefore, we view the pleadings and other evidence presented by Jazz Casino, FSS, and Newell in the light most favorable to Roque. *See Brooks*, 832 F.2d at 1364. This evidence shows that, even assuming Jazz Casino and Newell meet the statutory definition of employers, they do not satisfy the employment relationship prong of the test. Newell's declaration substantiates the claim that Jazz Casino and Newell did not employ Roque. Moreover, FSS and its employees made the decisions about Roque's employment status. When Newell was unhappy with Roque's work, he contacted Roque's FSS supervisor, Gallac, to complain, and Gallac sent Roque home. According to personnel records, FSS placed Roque on leave and subsequently terminated him. Therefore, although Roque was working in Jazz Casino's physical plant, neither Jazz Casino nor Newell exercised the requisite control over Roque to establish an employment relationship. Accordingly, Roque has failed to state a Title VII or § 1981 claim against Jazz Casino and Newell as a matter of law. Though we agree with the district court's outcome, we REFORM the district court's judgment to dismiss Roque's Title VII and § 1981 claims against Jazz Casino and Newell under FED. R. CIV. P. 56, rather than under FED. R. CIV. P. 12(b)(6).

Finally, Roque appeals the district court's dismissal of his claims against FSS for failure to make a more definitive statement of his pleading. A plaintiff's statement of the claim must include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the statement must present more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). This requirement holds true even for pro se litigants. *Thrasher v. Amarillo Police Dep't*, 346 F. App'x 991, 992 (5th Cir. 2009). A court

No. 09-31182

may "issue any other appropriate order" if a plaintiff does not file a more definite statement within the time limit set by the court. FED. R. CIV. P. 12(e).

Neither Roque's initial complaint nor any subsequently filed documents assert the specific words Newell used to discriminate against him, and Roque never specifies why FSS and Gallac should be liable for Newell's statements. A mere conclusory assertion that Newell's words violated Title VII does not satisfy the requirements of FED. R. CIV. P. 8. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Moreover, Roque does not explain why he failed to file a more definite statement of his claims, as the district court ordered. None of Roque's subsequent filings can be construed, even liberally, as a more definite statement of his claims. Therefore, the district court did not err in dismissing Roque's lawsuit against FSS and Gallac for failure to state a claim, and we AFFIRM.

**AFFIRMED IN PART AND REFORMED IN PART TO DISMISS TITLE VII AND § 1981 CLAIMS AGAINST JAZZ CASINO AND NEWELL UNDER FED. R. CIV. P. 56.**