Sherrylene **GARCIA**, Appellant,

v.

**SHELL OIL COMPANY and Gustavo Penilla d/b/a Quality Turbo Services, Appellees.**

No. 01–10–00773–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 8, 2011.

Cyril Okey Chukwurah, Chukwurah's Law Firm, P.C., Houston, TX, for Appellant.

Laura Gibson, Ogden Gibson Broocks & Longoria, LLP, Houston, TX, for Appellees.

Panel consists of Justices KEYES, HIGLEY, and GAMBLE.[7]

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Sherrylene Garcia, appeals the trial court's grants of summary judgment in favor of appellees, Shell Oil Company and Gustavo Penilla d/b/a Quality Thermo Services. In one issue, Garcia argues the trial court erred in granting summary judgment (1) on her sexual harassment claims on the basis of res judicata and (2) on her intentional infliction of emotional distress claims on the basis that they are precluded by Title VII of the Civil

---

7. The Honorable Brent Gamble, judge of the 270th District Court of Harris County, participating by assignment.

Rights Act of 1964 and Chapter 21 of the Texas Labor Code.

We affirm in part and reverse and remand in part.

## Background

Some time in 2007, Garcia began working for Penilla's sole-proprietorship business, Quality Thermo Services. At the time, Quality Thermo Services was performing contract work at one of Shell's buildings. Garcia alleged that she was sexually harassed by Penilla and Emerardo Salinas, an employee of Shell.

Garcia filed charges of sexual harassment with the Equal Employment Opportunity Commission on October 8, 2007 and subsequently received a right-to-sue letter. She filed suit against Shell and Penilla in federal court on May 30, 2008 ("the federal suit"). Garcia asserted against both Shell and Penilla claims of (1) sexual harassment under Title VII of the federal Civil Rights Act of 1964 ("Title VII") and (2) intentional infliction of emotional distress under Texas common law.

Shell and Penilla moved for summary judgment on each of Garcia's claims in the federal suit. Shell argued summary judgment should be granted against Garcia on her Title VII sexual harassment claim against it because it did not have an employer-employee relationship with her. Shell argued that, because it was not her employer, Garcia could not recover damages from it under Title VII. The magistrate judge agreed and recommended that

the federal district court grant summary judgment on Garcia's Title VII sexual harassment claims against Shell.[1]

Penilla argued summary judgment should be granted against Garcia on her sexual harassment claim against him because he was not an employer as it is defined under Title VII because he did not have the requisite number of employees. The magistrate judge agreed and recommended that the federal district court grant summary judgment on Garcia's sexual harassment claims against Penilla.[2]

For Garcia's state claims of intentional infliction of emotional distress against Shell and Penilla, the magistrate judge recommended that the federal district court decline to exercise supplemental jurisdiction over the claims and dismiss the claims without prejudice.[3]

The district court adopted the recommendations of the magistrate judge. In its final judgment, the district court rendered judgment in favor of Shell and Penilla on Garcia's sexual harassment claims and dismissed without prejudice Garcia's intentional infliction of emotional distress claims.

A few days later, Garcia filed suit in a Harris County district court ("the Texas suit"). Garcia's petition in the Texas suit is largely identical to her petition in the federal suit. Specifically, she asserts the same causes of action she had asserted in her federal suit—claims of sexual harassment under Title VII of the federal Civil Rights Act of 1964[4] and intentional inflic-

---

1. *See Garcia v. Shell Oil Co.*, No. H–08–1734, 2009 WL 2047898, at *5 (S.D.Tex. July 10, 2009).

2. *Id.* at *6.

3. *Id.*

4. At trial and on appeal, Shell asserts that Garcia's claim for sexual harassment in her

Texas suit was brought under chapter 21 of the Texas Labor Code. We disagree. In her Texas suit petition, Garcia cites repeatedly to Title VII and federal case law concerning Title VII. She repeatedly mentions the federal Civil Right Act of 1964. She even quotes the pertinent language on sexual harassment from the federal statute. In contrast, Garcia makes no mention of or citation to chapter 21

tion of emotional distress under Texas common law—against both defendants.

Shell moved for summary judgment on Garcia's claims against it. Shell argued that Garcia's Title VII sexual harassment claims were barred by res judicata and that her intentional infliction of emotional distress claim was precluded by Title VII and Chapter 21 of the Texas Labor Code. The trial court granted Shell's motion for summary judgment on both claims Garcia asserted against it.

Penilla subsequently filed a motion for summary judgment on the same grounds asserted by Shell, namely that Garcia's Title VII claim against him was barred by res judicata and her intentional infliction of emotional distress claim was precluded by Title VII and Chapter 21 of the Texas Labor Code. The trial court granted Penilla's motion for summary judgment, disposing of all parties and claims.

### Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). In our review, we take the nonmovant's competent evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005).

To prevail on a "traditional" summary-judgment motion, asserted under Rule 166a(c), a movant must prove that there is

no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 381 (Tex.2004). A defendant moving for traditional summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995).

■■■ It is an affirmative defense to assert that a claim is barred by res judicata. Tex.R. Civ. P. 94. Accordingly, Shell and Penilla bore the burden of establishing as a matter of law each of the elements of res judicata. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex.2010). Similarly, Shell and Penilla's claims that Garcia's intentional infliction of emotional distress claims were precluded by Title VII are pleas in avoidance. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988) (holding plea in avoidance is one which avoids legal effect of cause of action even if all elements were established). Accordingly, Shell and Penilla bore the burden of establishing as a matter of law that intentional infliction of emotional distress was precluded. *See* Tex.R. Civ. P. 94 (identifying a plea in avoidance as affirmative defense).

### Garcia's Title VII Sexual Harassment Claims

■■ Shell and Penilla asserted in their motions for summary judgment that Garcia's Title VII sexual harassment claims brought against them in the Texas suit were barred by res judicata because judg-

---

of the Texas Labor Code anywhere in her petition. Accordingly, we treat her claim as a Title VII claim. *See Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 826, 110 S.Ct.

1566, 1570, 108 L.Ed.2d 834 (1990) (holding Title VII claim can be brought in state courts).

ment was rendered on these claims in the federal suit. Garcia argues on appeal that her Title VII claims are not barred by res judicata because the claims brought in federal district court were disposed of on jurisdictional grounds.

■■■ Because the first lawsuit at issue in this case was decided in federal court, federal law controls the determination of whether res judicata bars the present state court proceeding. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281 (Tex.1996). Under federal law, res judicata applies where "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005). Like Texas,[5] the Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments in determining whether res judicata applies. *Id.* "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.*

The summary judgment evidence unequivocally establishes that the parties to the federal suit are identical to the parties to the Texas suit. It equally establishes that Garcia brought identical Title VII claims against Shell and Penilla. The central issue on appeal is whether the federal district court's determination that neither Shell nor Penilla were employers under Title VII—because Shell did not have an employer-employee relationship with Garcia and because Penilla did not have the

requisite number of employees—was a jurisdictional determination or a ruling on the merits of Garcia's sexual harassment claims.

As an initial matter, we note that, contrary to Garcia's assertions at trial and on appeal, the federal district court did not "dismiss[ ] the case because the court determined that it had no jurisdiction to adjudicate the case." Instead, the final judgment explicitly stated that it rendered judgment for Shell and Penilla on Garcia's sexual harassment claims. Nevertheless, if the determination that Shell and Penilla were not employers under Title VII was a jurisdictional issue, then any judgment on the merits rendered by the trial court would be void. *See Tex. Constr. Co. v. U.S.*, 236 F.2d 138, 140 (5th Cir.1956) (holding when court exceeds its jurisdiction and issues a judgment, the judgment is void). Accordingly, we must determine if the issue of whether Shell and Penilla were employers under Title VII is a jurisdictional issue.

Title VII concerns discrimination based on sex in the workplace environment. 42 U.S.C. § 2000e–2(a) (2008). As it applies to Garcia, Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's ... sex." *Id.* § 2000e–2(a)(1). An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." 42 U.S.C. § 2000e(b) (2006).

■■■ Determining whether a defendant is an employer under Title VII involves a two-step process. *Deal v. State*

---

5. *See Barr v. Resolution Trust Corp.*, 837     S.W.2d 627, 631 (Tex.1992).

*Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118 n. 2 (5th Cir.1993). "First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant." *Id.* This analysis ultimately depends on the definition of employer under the applicable statute. *See id.* (citing 42 U.S.C. § 2000e(b)).

▮▮▮ Penilla argued in the federal suit that he had fewer than 15 employees and, accordingly, was not an employer as defined by the statute.[6] Shell argued in the federal suit that it was not an employer under Title VII because it did not have an employer-employee relationship with Garcia.

In 2006, the United States Supreme Court held that the employee-numerosity requirement "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006). The court noted that the statutory definition of employer "appears in a separate provision that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 515, 126 S.Ct. at 1245 (internal quotations omitted). Accordingly, whether Shell and Penilla qualified as employers under the statute was an element of Garcia's claim and not a jurisdictional issue. *See id.*

The judgment in the federal suit was rendered by a court of competent jurisdic-

tion and Garcia's claims of sexual harassment against Shell and Penilla were concluded by a final judgment on the merits. *See Test Masters*, 428 F.3d at 571. We hold that Shell and Penilla met their summary judgment burdens of establishing that Garcia's Title VII sexual harassment claims against them were barred by res judicata.

### Garcia's Intentional Infliction of Emotional Distress Claims

The federal district court dismissed without prejudice Garcia's claims of intentional infliction of emotional distress. Shell and Penilla moved for summary judgment on these claims in the Texas suit arguing that intentional infliction of emotional distress is a gap-filler claim and Garcia's claims were precluded by Title VII and Chapter 21 of the Texas Labor Code. The trial court agreed and granted summary judgment on Garcia's intentional infliction of emotional distress claims against Shell and Penilla.

▮▮▮ Intentional infliction of emotional distress is a gap-filler tort: "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex.2004). Where the gravamen of a

---

6. It is undisputed by the parties that Penilla's business, Quality Thermo Services, is a sole proprietorship. A sole proprietorship does not have a separate legal existence distinct from the operator of the business. *Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.*, 662 S.W.2d 951, 952 (Tex.1983). Accordingly, any claim against the business was appropriately brought against Penilla in his individual capacity. In addition, Penilla was one of the individuals who, according to Garcia, committed the acts of sexual harassment against

her. A sexual harassment claim under the federal statutory scheme cannot be brought against the individual who allegedly committed the bad acts. *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.1994). So we do not consider whether Penilla faces liability under the sexual harassment statutes as one of the alleged bad actors. Instead, we consider whether Penilla faces liability as the business entity Quality Thermo Services. *See id.* (holding individual is not liable under Title VII unless he meets definition of "employer").

complaint is covered by another common-law or statutory tort, intentional infliction of emotional distress is not available. *Id.* This is true even if plaintiff does not assert the precluding claim in her petition—such as Chapter 21 of the Texas Labor Code in this instance—or asserts the displacing claim but does not prevail—such as Title VII of the Civil Rights Act of 1964 in this instance. *See id.* at 448. Shell and Penilla argued that Garcia's intentional infliction of emotional distress claims against them were precluded by Title VII and Chapter 21 of the Texas Labor Code. *See* 42 U.S.C. § 2000e–2; TEX. LAB.CODE ANN. § 21.051 (Vernon 2006).

■ The Texas employment discrimination statutes were modeled after Title VII with the purpose of executing the policies set forth in Title VII. *Hoffmann–La Roche,* 144 S.W.3d at 445. Due to their similarity, federal cases analyzing Title VII may be cited as authority in cases relating to the Texas statutes. *Id.* at 446. Like the federal statute, Texas law provides, "An employer commits an unlawful employment practice if because of ... sex ... the employer ... discriminates in any ... manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB.CODE ANN. § 21.051(1). Also like the federal statute, Texas defines employer in this context as "a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." TEX. LAB.CODE ANN. § 21.002(8) (Vernon Supp. 2010). Accordingly, for the purposes of this appeal, we draw no distinction between the federal and state statutes in determining whether they preclude Garcia's intentional infliction of emotional distress claims.

The Texas Supreme Court recently held that a statutory sexual harassment claim precludes all common-law causes of action for the same injury. *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 803 (Tex.2010). Specifically, the court held, "Today's question is whether employer liability for unwanted sexual touching by a coworker ... is limited to a tailored [statutory] scheme that specifically covers employer liability for sexual harassment. We think the answer should be yes." *Id.*

Both Shell and Penilla obtained summary judgment on Garcia's Title VII claims, however, by arguing that they were not employers as defined by Title VII. The issue we must resolve, then, becomes whether Title VII and the Texas employment discrimination statutes were meant to preclude common-law causes of action for non-employers. We begin by reviewing the scope and purpose of Title VII and the Texas employment discrimination statutes.

## A. Purpose and Scope of Title VII and Chapter 21 of the Texas Labor Code

■ Not all claims of sexual harassment are actionable under the federal or state statutory schemes. *Twigland Fashions, Ltd. v. Miller,* 335 S.W.3d 206, 217 (Tex.App.-Austin 2010, no pet.) (citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404–05, 91 L.Ed.2d 49 (1986)). For example, a sexual harassment claim under the federal statutory scheme cannot be brought against the individual who allegedly committed the bad acts. *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir.1994). Instead, a claim of sexual harassment is actionable under Title VII only against an employer and only when (1) the employer takes a tangible employment action based on whether the employee submits to the sexual demand or (2) the sexual harassment is said to con-

structively alter the employee's terms or conditions of employment. *Twigland Fashions,* 335 S.W.3d at 217–18.

Even for employers, Congress placed limitations on who faces liability. An employer who has fewer than fifteen employees does not face liability under Title VII. *See* 42 U.S.C. § 2000e(b) (excluding employers with fewer than 15 employees from definition of employer under act); *see also* Tex. Lab.Code Ann. § 21.002(8) (placing same limitations on definition of employer). The purpose of the employee-numerosity requirement was "[t]o spare very small businesses from Title VII liability." *See Arbaugh,* 546 U.S. at 504, 126 S.Ct. at 1239. It was also put in place to protect small entities from the cost of litigating discrimination claims. *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

In determining that the sexual harassment statutes precluded state common-law claims, the Texas Supreme Court noted that the state statutes have caps on compensatory and punitive damages available to a plaintiff that the common law claims did not have. *Waffle House,* 313 S.W.3d at 806–07. Title VII has similar caps. *See* 42 U.S.C. § 1981a(b)(3) (2006). The court noted that allowing common law claims to be pursued would allow plaintiffs to avoid those damage limitations. *Waffle House,* 313 S.W.3d at 807.

With this framework in mind, we turn to each of the defendants.

## B. Shell

■ Garcia brought a claim of intentional infliction of emotional distress claim against Shell for the harassment she asserts was committed by its employee, Salinas. Shell established in its motion for summary judgment in the federal suit that it was not Garcia's employer due to the fact that it did not have an employer-employee relationship with Garcia. A claim of sexual harassment is actionable under Title VII only against the plaintiff's employer. *Twigland Fashions,* 335 S.W.3d at 217–18. Shell established it was not Garcia's employer. Accordingly, Shell is not among the class of defendants to which Title VII is meant to apply. It follows, then, that Title VII does not preclude any common law causes of action Garcia brought against Shell. The federal district court granted summary judgment on Garcia's sexual harassment claims against Shell because Shell was not Garcia's employer. Because Garcia's claims against Shell are not actionable under Title VII, Title VII cannot preclude any common-law causes of action against Shell.

## C. Penilla

■ Penilla, in contrast, was Garcia's employer. The claims of sexual harassment alleged by Garcia, if proven, would support a finding that the sexual harassment constructively altered the terms or conditions of her employment. *See id.* (holding sexual harassment is actionable under Title VII when it constructively alters employee's terms or conditions of employment). Penilla obtained summary judgment because he did not have the requisite number of employees to face liability under the statutory scheme.

■ The purpose of the employee-numerosity requirement was to spare small businesses from Title VII liability and the costs of litigation. *Arbaugh,* 546 U.S. at 504, 126 S.Ct. at 1239; *Miller,* 991 F.2d at 587. Exposing small businesses to liability for sexual harassment under common law claims could potentially thwart the goal of protecting small businesses from the expenses of litigation and any subsequent liability. It could also allow plaintiffs to avoid the damage caps that otherwise apply to larger businesses under Title VII and Chapter 21 of the Texas Labor Code.

*See Waffle House,* 313 S.W.3d at 807 (holding that allowing common law claims to be pursued when Title VII applied would allow plaintiffs end-run around damage caps). There is reason to believe, then, that Congress meant to include employers with fewer than 15 employees under the scope of the statutory scheme—effectively displacing any common law causes of action that could be brought against them—while also excluding them from liability under that scheme.

We do not need to resolve this issue, however, on this appeal. It is undisputed by the parties that Penilla's business, Quality Thermo Services, is a sole proprietorship. A sole proprietorship does not have a separate legal existence distinct from the operator of the business. *Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.,* 662 S.W.2d 951, 952 (Tex.1983). Accordingly, any claim against the business was appropriately brought against Penilla individually. Penilla was also, however, one of the individuals who, according to Garcia, committed the acts of sexual harassment against her. A sexual harassment claim cannot be brought under the federal statutory scheme against the individual who allegedly committed the bad acts. *Grant,* 21 F.3d at 653. Because Garcia's claims against Penilla as the individual bad actor are not actionable under Title VII, Title VII cannot preclude any common-law causes of action against him as the bad actor regardless of whether they would be precluded in a claim against the business had it been a separate entity. *See Waffle House,* 313 S.W.3d at 803 (holding statutory sexual harassment claim precludes common-law causes of action for claims against *employer*); *Grant,* 21 F.3d at 653 (holding Title VII claim cannot be brought against individual who committed sexual harassment).

We sustain Garcia's issue as it relates to her intentional infliction of emotional distress claims against Shell and Penilla. We overrule Garcia's issue as it relates to her Title VII claims against Shell and Penilla.

### Conclusion

We affirm the portion of the judgment of the trial court that grants summary judgment in favor of Shell and Penilla on Garcia's claims of sexual harassment. We reverse the judgment of the trial court in all other respects and remand the cause for further proceedings.