# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 21-60136

Charles D. Easley, Jr.,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

Lowndes County, Mississippi,

*Defendant—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-139
USDC No. 1:18-CV-140
USDC No. 1:18-CV-223

Before Higginbotham, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*],[†]

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[†] Judge Ho concurs in the judgment on the ground that Lowndes County was not Easley's employer. *See, e.g., Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118–19 (5th

No. 21-60136

Charles Easley sued Lowndes County, Mississippi under the Age Discrimination in Employment Act of 1967 (ADEA) for not hiring him as a part-time public defender. The district court granted Lowndes County's motion for summary judgment, finding that the County was the proper employer, but that Easley failed to show that a genuine issue of material fact remained. We affirm.

**I.**

Mississippi provides public defenders through a county office of the public defender or as appointed counsel on a case-by-case basis.[1] The county Board of Supervisors has the legal discretion to oversee the public defenders, including provision of personal and office space.[2] Lowndes County elects to hire a number of part-time public defenders, who are not appointed on a case-by-case basis and remain in private practice.

In Lowndes County, the three circuit judges for the 16th Judicial Circuit appoint a number of part-time public defenders to serve one-year terms. The judges issue an order naming their appointments, then Lowndes County puts them on its payroll. Public defenders are eligible to enroll in County benefits, including retirement benefits and health insurance.

In 2014, when he was 66 years old, Charles Easley, a former justice of the Mississippi Supreme Court applied to be a public defender in Lowndes

---

Cir. 1993) ("In determining whether an employment relationship exists within the meaning of . . . the ADEA, we apply a hybrid economic realities/common law control test. The right to control an employee's conduct is the most important component of this test.") (quotations and citations omitted); *Muhammad v. Dall. Cnty. Cmty. Supervision & Corrections Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (same); *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013) (same).

[1] *See* MISS. CODE ANN. §§ 25-32-15, 25-32-17.

[2] MISS. CODE ANN. § 25–32–3.

2

County. Collen Hudson, 27, was hired instead. Easley applied to be a public defender two more times, in 2015 and 2017. In 2015, Brandon Langford, then in his twenties, was hired; in 2017, James Dalrample II and Jay Hurdle, both of whom were under 40, were hired. The judges did not have a formal interview process and Easley was never interviewed for the position.

After each hiring decision, Easley filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminated against due to his age. The EEOC issued a Notice of Right to Sue to Easley for all three instances. His second and third charges also alleged that he was retaliated against for making complaints to the EEOC. In July 2018, Easley filed two cases against Lowndes County alleging age discrimination. In November 2018, he filed a third case. The Northern District of Mississippi consolidated these three cases into the case now before us. Lowndes County moved for summary judgment arguing that it was not the proper employer, but that if it were the proper employer, summary judgment was proper. The district court granted the motion for summary judgment, finding that Lowndes County was the proper employer, but that Easley failed to create a genuine issue of fact that he was not hired for pretextual reasons. Easley timely appealed the ADEA finding; Lowndes County timely cross-appealed the finding that it was the proper employer.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the non-moving party.[3] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[3] *Ratliff v. Aransas Cty., Tex.,* 948 F.3d 281, 287 (5th Cir. 2020).

No. 21-60136

judgment as a matter of law."[4] "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] We can affirm the grant of summary judgment "on any ground supported by the record and presented to the district court."[6]

## III.

We first address Lowndes County's cross-appeal of the district court's finding that it was the employer of the part-time public defenders.

## A.

We first examine if Lowndes County is an employer under the ADEA. The ADEA includes political subdivisions within the statutory definition of "employer." Lowndes County is a political subdivision of Mississippi. Therefore, the County is an employer under the ADEA.

## B.

We next examine if there is an employment relationship between the public defenders and Lowndes County, using a "common law" control/hybrid economic realities test.[7] Under the common law control prong, we look at the hiring and firing of employees, the right to supervise employees, and the right to set work schedules.[8] First, the public defenders are hired by the three judges. Although not in lock step with the statutory

---

[4] Fed. R. Civ. P. 56(a).

[5] *Harville v. City of Hous.*, 945 F.3d 870, 874 (5th Cir. 2019) (quoting *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (cleaned up).

[6] *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020).

[7] *Deal*, 5 F.3d at 118–19.

[8] *Id.* at 119.

No. 21-60136

scheme, the County's tailoring to fit its needs is not at issue.[9] Second, neither Lowndes County nor the judges set a work schedule for or routinely supervise the public defenders.

We also look to the factors from *Spirides v. Reinhardt*,[10] to determine whether the County has common law control,[11] addressing only those factors which clarify our analysis.[12] First, "the kind of occupation," the level of skill required, and whether the defenders work without supervision: they must be lawyers and they work with little supervision.[13] Their independence weighs against an employment relationship. Second, who provides needed equipment.[14] Under the statute, the county is to provide equipment, but it has not done so, weighing against it being the employer. Third, the method of payment is salaried and is set by Lowndes County, weighing in favor of the County being the employer.[15] Fourth, is whether the work is integral to the employer.[16] The County brings criminal charges against defendants and it is its responsibility to provide a public defender to those defendants. Providing public defenders is integral to Lowndes County, weighing in favor of an employment relationship. Finally, we look to the intent of the parties to

---

[9] MISS. CODE. ANN. § 25-32-3.

[10] 613 F.2d 826, 832 (D.C. Cir. 1979).

[11] *Broussard v. L.H. Bossier Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986).

[12] *Juino*, 717 F.3d at 434–35. These factors are often used to determine if the worker is an employee or independent contractor, so not all apply here.

[13] *Id.* (quoting *Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988))

[14] *Id.*

[15] *Id.*

[16] *Id.*

establish an employment relationship.[17] Lowndes County argues that it did not intend to employ the public defenders, but has used this system for years to provide and pay public defenders. Overall, the factors weigh in favor of the County employment.

Next, we look to the economic realities prong of the hybrid test, considering "who paid the employee's salary, withheld taxes, provided benefits, and set the terms and condition of employment."[18] Lowndes County pays the public defenders, withholds their taxes, and offers them retirement benefits and life, health, vision, and dental insurance. The insurance forms all list Lowndes County Board of Supervisors as the employer. The economic realities prong weighs in favor of the County being the employer.

Although the initial control prong weighs against County employ, the *Spirides* and economic realities prongs weigh in favor of the County being the employer. We find that Lowndes County is the proper employer.

## IV.

The ADEA provides that "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age."[19] Where ADEA claims are based on circumstantial evidence, we apply a burden shifting framework.[20] First, Easley must establish a prima facie case of age-based discrimination. Lowndes County then must offer a non-discriminatory

---

[17] *Id.*

[18] *Deal*, 5 F.3d at 119.

[19] 29 U.S.C. § 623(a)(1).

[20] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222–23 (5th Cir. 2000).

reason for its actions.[21] Then the burden shifts back to Easley to rebut the County's stated reasons and show that they are "merely pretextual."[22]

## A.

First Easley must establish a prima facie case of age discrimination by showing that he (1) is a member of a protected class; (2) is qualified for the position; (3) was subject to an adverse employment action, and (4) was replaced by someone outside the protected class or treated less favorably than someone outside the protected class.[23] There is no dispute that Easley is over forty years of age,[24] is qualified for the position, suffered an adverse employment action by not being hired, and was treated less favorably than those outside the protected class.

## B.

The burden shifts then to Lowndes County to offer a legitimate, non-discriminatory reason for its actions.[25] Each judge provided non-discriminatory reasons why they did not hire Easley. Taken together, Lowndes County argues that it did not hire Easley because he was only applying to be a public defender to be eligible for retirement benefits; had been "dilatory" before the court, filing multiple continuances leading to delays; was too busy with his private practice; and was difficult to work with.

---

[21] *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

[22] *Moss v. BMC Software, Inc.,* 610 F.3d 917, 922 (5th Cir. 2010).

[23] *Russell*, 235 F.3d. at 223–24.

[24] 29 U.S.C. § 631(a).

[25] *Moss*, 610 F.3d at 922.

No. 21-60136

## C.

The burden then shifts back to Easley to show that the proffered reasons were pretext. At the summary judgment stage, Easley must produce sufficient evidence to create a genuine issue of fact as to whether those reasons are pretextual.[26]

First, Easley argues that the judges' inconsistent reasons were pretextual. Although the judges each had different reasons for not hiring Easley, these reasons have not changed.[27] We find no inconsistency over time to support a reasonable inference of pretext.

Second, Easley argues that the judges' failure to interview him is evidence of pretext. In *Stennett v. Tupelo Public School District*, this Court determined that "an employer's failure to interview a candidate can 'help carry [the plaintiff's] burden of proving pretext.'"[28] Here, unlike in *Stennett*, there was no formal interview process. And "the failure to interview, standing alone, gives rise to no entitlement to recover."[29] The judges do not interview candidates "if we know the lawyer." Easley was well known to the judges, having appeared before them. In this informal hiring context the failure to interview Easley does not give rise to an inference of pretext.

Third, Easley argues that the disparity between his qualifications and the qualifications of those hired is evidence of pretext. However, "unless the qualifications are so widely disparate that no reasonable employer would have made the same decision, any differences in qualifications are generally not

---

[26] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010).

[27] *See Staten v. New Palace Casino, LLC.*, 187 Fed. App'x 350, 359 (5th Cir. 2005).

[28] 619 Fed. App'x 310, 320 (5th Cir. 2015) (quoting *Wheeler v. City of Columbus*, 686 F.2d 1144, 1153 (5th Cir. 1982)).

[29] *Wheeler*, 686 F.2d at 1153.

probative evidence of discrimination."[30] Easley had more experience than the lawyers hired, however, years worked is not the same as superior qualifications.[31] Experience was not the only qualification the judges were looking for; "[t]he mere fact that an employer uses subjective hiring criteria is not . . . sufficient evidence of pretext."[32] The judges were concerned about how much time an applicant could devote to the job, if the public defenders could work together, and about hiring someone who was timely in court. The disparity in qualifications here is not so great that no reasonable employer would have made the same decision.

Finally, a plaintiff can demonstrate that the proffered reasons are pretextual "by showing that the employer's proffered explanation is false or 'unworthy of credence.'"[33] However, to show that these reasons were false, Easley must do more than assert that they are wrong, he "must produce evidence permitting the jury to disbelieve that [the defendant's] proffered reason was its true motivation."[34] First, Easley disputes that he was too busy in private practice to be a public defender. However, his testimony supports the conclusion that he had a busy private practice. Second, Easley disputes that he only wanted the job to be eligible for retirement benefits and health insurance. However, Easley testified that he applied to qualify for insurance. Third, Easley disputes that he was dilatory in his practice in court, however there is ample evidence of Easley's repeated need to ask for continuances.

---

[30] *Moss*, 610 F.3d at 923.

[31] *Id.*; *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996).

[32] *Manning v. Chevron Chem. Co., LLC,* 332 F.3d 874, 882 (5th Cir. 2003).

[33] *Laxton v. Gap Inc.,* 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).

[34] *Id.*, at 579; *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996).

Finally, Easley disputes that he has issues getting along with other lawyers, specifically, the accusation from Judge Kitchens that he was involved in a fight. However, the issue is not whether Easley is argumentative, but whether Kitchens reasonably believes him to be so.[35] Easley offered no evidence beyond his own belief that he is not hard to get along with and the record offers sufficient evidence to the contrary. Easley failed to show that proffered reasons were false or unworthy of credence.

Taken as a whole and viewing the evidence in the light most favorable to Easley, he has failed to carry his burden.[36] There is no evidence either that the judges' non-discriminatory reasons for not hiring him were mere pretext.

## V.

Finally, Easley argues that the second and third times he was not hired were retaliation. The ADEA prohibits retaliation against those who have undertaken a protected activity in opposition to discrimination and consequently suffered a material adverse action by the employer.[37] However, Easley did not defend his retaliation claim at summary judgment. "[T]he scope of appellate review on a summary judgment order is limited to matters presented to the district court."[38] "Therefore, if a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived

---

[35] *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991) ("[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason.").

[36] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

[37] 29 U.S.C. § 623(d); *see also Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 499 n.5 (5th Cir. 2015).

[38] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005).

No. 21-60136

and cannot be considered or raised on appeal."[39] Easley's retaliation claims are waived.

## VI.

As Easley failed to show that a genuine issue of material fact remains, we AFFIRM the grant of summary judgment.

---

[39] *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 688 (5th Cir. 2020) (quotation omitted).