# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2016

Lyle W. Cayce
Clerk

No. 16-30575
Summary Calendar

EDWARD SMITH,

  Plaintiff - Appellant

v.

WOMANS HOSPITAL; G4S SECURE SOLUTIONS,

  Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-500

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Edward Smith, who is black, was employed as a security guard by G4S Secure Solutions ("G4S") and assigned to work as a guard at Woman's Hospital ("Woman's") in Baton Rouge, Louisiana. After he was denied a promotion to a higher position, he filed a pro se lawsuit against both G4S and Woman's alleging race discrimination and retaliation in violation of Title VII. The district court granted Defendants' motions for summary judgment. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30575

I.

G4S provides security services to several companies in Baton Rouge, Louisiana, including Woman's Hospital. G4S maintains at least two levels of security guards—Traditional Security Officers (TSOs) and Custom Protection Officers (CPOs). To become a higher-paid CPO as compared to a lower-paid TSO, an applicant must meet more stringent criteria, such as possessing an appropriate college degree or undergoing law enforcement training.

Smith was employed by G4S as a TSO to provide security services at Woman's. In about 2006, Smith filed a charge of discrimination with the EEOC against G4S's corporate predecessor based on an unrelated event. In 2012, Woman's moved to a new facility and upgraded its security force from TSOs to CPOs. Smith remained at the old Woman's facility and continued to work as a TSO. He requested a transfer and promotion to CPO so he could work at the new Woman's facility, but G4S denied the request.

Smith sued both G4S and Woman's, alleging race discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a) & 2000e-3(a), as well as violations of his Fourteenth Amendment right to equal protection.[1] Smith secured a default against G4S, but the district court set aside the default judgment, finding service of process—a FedEx envelope sent to the corporate address and left with an unidentified receptionist— insufficient. Both defendants moved for summary judgment, and the district court granted their motions. The court also awarded attorneys' fees to Woman's.[2]

Smith now appeals.

---

[1] Smith has waived appeal of his Fourteenth Amendment claims by failing entirely to brief the issue.

[2] Smith has waived appeal of the award of fees by failing entirely to brief the issue.

2

No. 16-30575

## II.

We review a grant of summary judgment de novo, applying the same standard that the district court applied. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Summary judgment is proper where there is no genuine dispute of material fact, and a party is entitled to judgment as a matter of law. *Id.*

We review a district court's decision to set aside an entry of default for abuse of discretion. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). Any factual determinations underlying that decision are reviewed for clear error. *Id.*

## III.

Smith appeals the district court's grant of summary judgment on the discrimination and retaliation claims against G4S and Woman's. He also appeals the district court's order setting aside default.

### A.

Smith argues that the district court erred by setting aside the default he obtained against G4S.

Smith attempted to serve G4S by sending a FedEx envelope to G4S's address. The envelope was left with an unnamed receptionist. The district court did not abuse its discretion in setting aside the default, as this service did not comply with the service requirements of Fed. R. Civ. P. 4(h) or any other proper method of service. As the district court found, Smith failed to demonstrate that the unnamed employee was G4S's "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

For the first time on appeal, Smith argues that the district judge committed fraud on the court by mischaracterizing his argument concerning service of process. We will not entertain arguments raised for the first time on appeal. *See, e.g., Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th

3

No. 16-30575

Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). But even if we were to address it, the incomprehensible argument would be summarily denied as patently frivolous.

B.

Smith next argues that the district court erred by granting summary judgment as to the race discrimination claim against G4S.

Where, as here, there is no evidence of direct discrimination, Title VII discrimination claims based on circumstantial evidence are analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first present a prima facie case of discrimination. *Id.* If a plaintiff is successful in establishing a prima facie case of discrimination, the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer meets its burden, then it shifts back to the plaintiff to present substantial evidence that the employer's reason was a pretext for discrimination. *Id.* If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment. *Id.*

In a failure-to-promote claim under Title VII, a plaintiff may establish a prima facie case of discrimination by showing that (1) he was within a protected class; (2) he was qualified for the position sought; (3) he was not promoted; and (4) the position he sought was filled by someone outside the protected class. *Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 296 (5th Cir. 2001). The district court correctly found that Smith failed to meet the fourth prong of the prima facie case because he produced no evidence whatsoever that

4

the position was filled by a non-black individual. Although Smith argues that two white persons (as well as one black person) with less seniority were transferred to the new Woman's location as *TSOs*, that fact is wholly irrelevant to whether the position he sought—*CPO*—was filled by a non-black person. And that is assuming that Smith's statement is based on admissible record evidence.

The district court therefore did not err in dismissing Smith's discrimination claim against G4S.

### C.

Smith next argues that the district court erred by granting summary judgment as to the retaliation claim against G4S.

To establish a prima facie case of retaliation, the plaintiff must establish that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).

The only protected activity that Smith identifies is an EEOC charge that he filed in about 2006—roughly six years before he was denied the promotion at issue in this case. The district court correctly found that Smith cannot satisfy the "causal connection" prong because there is no evidence of connection between the protected activity and the adverse action. There is no evidence to suggest that the decision was causally related to the charge in any way, nor evidence that anyone who made the promotion decision even knew about the charge. The only evidence of retaliation whatsoever is temporal proximity— that is, assuming that a six-year timeframe can even be characterized as "proximity"—and this Court has squarely held that "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

No. 16-30575

The district court therefore did not err in dismissing Smith's retaliation claim against G4S.

## IV.

Smith next appeals the district court's grant of summary judgment on the discrimination and retaliation claims against Woman's.

## A.

Smith argues that the district court incorrectly dismissed his claims against Woman's because it erroneously found that Woman's was not his employer.

Smith has produced no evidence to suggest that Woman's was his employer, and he admitted during his deposition that G4S, not Woman's, was his employer. Instead, he attempts to rely on the "hybrid economic realities / common law control test" described in *Deal v. State Farm Cty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir. 1993). However, he cannot satisfy the test. He points to no evidence to suggest that Woman's exercised control over his conduct or that it exercised economic control over the terms and conditions of his employment.

The district court correctly found that Woman's was not Smith's "employer" under Title VII and thus did not err in dismissing his Title VII claims against it.

## B.

Smith argues, again for the first time on appeal, that both Woman's and the district court engaged in fraud on the court by intentionally making false statements and omitting his arguments. We again say that we will not entertain arguments raised for the first time on appeal. Furthermore, Smith does not support his argument with either fact or law.

We therefore find no errors of the district court, and affirm the district court's grant of summary judgment.

6

No. 16-30575

V.

We now turn to Woman's' motion for sanctions against Smith pursuant to Fed. R. App. P. 38. Woman's requests that we award double costs and attorneys' fees to Woman's for defending and responding to this frivolous appeal. Smith did not file a response to the motion.

Smith's argument that Woman's and the district judge committed fraud on the court is patently frivolous, but his argument that Woman's was his employer is not. Smith correctly cited *Deal* for the proposition that even though it did not purport to employ him, Woman's could still potentially be held liable as his employer in a Title VII claim. Such a theory would at least be plausible in this case, since he actually worked at Woman's and likely received some direction from Woman's employees. Although Smith failed to provide record support for his argument, his appeal of the dismissal of his claims against Woman's is not *wholly* frivolous, and we decline to impose sanctions.

We do note, however, that the district court *did* impose sanctions on Smith based on his claims against Woman's. Smith does not appeal that decision.

VI.

Smith did not produce sufficient evidence to establish a prima facie case of discrimination or retaliation against his employer, G4S. He did not produce sufficient evidence to establish that Woman's was his employer at all for the purposes of Title VII. His arguments concerning fraud on the court are improper and frivolous. The district court properly dismissed all of his claims, and its judgment is AFFIRMED.

Woman's' motion for sanctions for frivolous appeal is DENIED.