## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-20058

————

SUN COAST RESOURCES, INCORPORATED,

Plaintiff - Appellant

v.

ROY CONRAD,

Defendant - Appellee

————

Appeals from the United States District Court
for the Southern District of Texas

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2020

Lyle W. Cayce
Clerk

Before WIENER, HIGGINSON, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

There is a time for punishment and a time for grace. Roy Conrad believes this is the former. Having won on appeal, he now asks us to sanction Sun Coast Resources, Inc., for pursuing a frivolous appeal. The sentiment is understandable. So we provide this brief explanation why we deny his motion.

As we've explained, arbitration can be an efficient way to resolve disputes—or a weapon for the economically powerful. *See Sun Coast Res., Inc. v. Conrad*, 956 F.3d 335, __ (5th Cir. 2020) (citing *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 477 (2015) (Ginsburg, J., dissenting)). Regardless, Conrad dutifully agreed to arbitrate this dispute, as so many employers insist employees do as a condition of employment.

No. 19-20058

But then, Conrad won what perhaps Sun Coast did not but should have anticipated in light of the plain language of its arbitration agreement: a clause construction award from the arbitrator allowing him to proceed with class arbitration. *See id.* at __.

In response, Sun Coast not only challenged the award in district court, but then pursued a meritless appeal—an appeal premised on a theory not only contradicted by the plain language of the arbitration agreement, but one that Sun Coast had forfeited "not once, but twice" by failing to present the issue to either the arbitrator or the district court. *Id.* at __.

But here's the real problem: Sun Coast denied that it forfeited the issue, claiming it cited a Third Circuit precedent (*Opalinski*) to the arbitrator. But Sun Coast failed to disclose that there are actually two *Opalinski* decisions from the Third Circuit—and that the one cited by Sun Coast was *not* the one that (arguably) might have avoided forfeiture. *See id.* at __.

And then, to top it all off, after we announced that no member of our panel saw any need to hear oral argument in this obviously meritless appeal, Sun Coast responded with a remarkable motion insisting on oral argument. Counsel wrongly claimed that "oral argument is the norm rather than the exception," and that our court would be guilty of "cafeteria justice" if we denied the motion—ignoring the established federal circuit practice of sparing parties the expense of having counsel prepare for argument in the overwhelming majority of appeals. *See id.* at ___ & n.1.

We subsequently denied Sun Coast's motion as well as its appeal. *Id.* at __. We turn now to Conrad's motion for sanctions.

Federal Rule of Appellate Procedure 38 confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be "frivolous." *See* FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the

2

No. 19-20058

court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

So courts have broad power under Rule 38 to sanction inadvertently as well as intentionally frivolous and vexatious appeals. *See*, *e.g.*, *Coghlan v. Starkey*, 852 F.2d 806, 811, 814 (5th Cir. 1988) (per curiam) ("An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. . . . [H]arassment of appellants, delay, and other ill practice are not required elements."); *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1202 (7th Cir. 1987) ("[P]roof of intentional or even negligent misconduct . . . is not a prerequisite to imposing sanctions under Rule 38."). *See also* 28 U.S.C. § 1927 (authorizing courts to impose "excess costs, expenses, and attorneys' fees" on attorneys who "unreasonably and vexatiously" multiply proceedings).

That said, the case for Rule 38 sanctions is strongest in matters involving malice, not incompetence. *See*, *e.g.*, *Coghlan*, 852 F.2d at 814 ("Bad faith may aggravate the circumstances justifying sanctions."); *Hill*, 814 F.2d at 1202 (calling "intentional or negligent misconduct . . . an added reason for a sanction under Rule 38"). And our decision on Sun Coast's appeal was careful not to assume the former. As to the merits of its appeal—including the company's failure to disclose that it cited *Opalinski II* rather than *Opalinski I* to the arbitrator—we observed that "[t]he best that may be said for Sun Coast is that it badly misreads the record." 956 F.3d at __. As to its demand for oral argument, we stated that "Sun Coast's motion misunderstands the federal appellate process in more ways than one." *Id.* at __. In sum, we found incompetence, not malice.

Perhaps Sun Coast earnestly (if mistakenly) believed it had a valid legal claim to press. Or perhaps it was bad faith—maximizing legal expense to drive a less-resourced adversary to drop the case or settle for less. *See id.* at __ ("[A]nother tactic powerful economic interests sometimes use against the less

resourced is to increase litigation costs in an attempt to bully the opposing party into submission by war of attrition.") (citing *DIRECTV*, 136 S. Ct. at 476 n.3 (Ginsburg, J., dissenting)).   Or perhaps its decisions were driven by counsel. *See*, *e.g.*, *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262 (5th Cir. 2018) (Ho, J., concurring) (discussing churning by attorneys).

But we must resolve the pending motion based on facts and evidence—not speculation.  We sympathize with Conrad, for he has endured unfortunate delay and expense in the enforcement of his rights, and those of his class members, under the Fair Labor Standards Act.  But we conclude that this is a time for grace, not punishment.  We hope that there will not be any further unnecessary delay in these proceedings—and that Conrad can take some comfort that we have warned Sun Coast about its behavior.

We exercise our discretion not to grant sanctions under Rule 38 in this case and accordingly deny Conrad's motion.