# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2021

Lyle W. Cayce
Clerk

No. 20-30456
Summary Calendar

BRUCE COMMITTE,

*Plaintiff—Appellant*,

*versus*

VICKIE GENTRY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-122

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Vickie Gentry, the Provost and Vice-President for Academic Affairs at Louisiana's Northwestern State University ("NSU"), removed Bruce Committe from his teaching responsibilities at NSU. Committe sued Gentry, alleging that she had violated several of his constitutional rights. The district

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

court dismissed his claims, and Committe appealed. In our court, Committe filed a motion to disqualify Gentry's lawyer for an alleged conflict of interest. He then filed another motion asking this court to have opposing counsel arrested or summoned because she had allegedly violated his free speech rights. Gentry responded by moving to strike Committe's motions, to bar him from filing further motions, and for a damage award under Federal Rule of Appellate Procedure 38. We affirm the district court's judgment. We also deny Committe's and Gentry's motions.

## I.

Bruce Committe was an assistant professor at NSU who began a one-year term of employment in the fall of 2018. He was assigned to teach accounting for the Spring 2019 term. Vickie Gentry removed his teaching duties and assigned him other work at the start of the Spring 2019 term. Committe alleges that Gentry pulled his teaching duties because he had chosen to use a self-published textbook and syllabus that other accounting faculty had not approved.

Committe sued Gentry in her personal capacity under 42 U.S.C. § 1983, seeking compensatory and punitive damages. He alleged that Gentry violated his constitutional rights by removing him from his teaching duties. Specifically, Committe alleged that Gentry violated: (1) his rights to academic freedom, free speech, and freedom of the press under the First Amendment; (2) his right to due process under the Fourteenth Amendment; and (3) his privileges and immunities as protected by the Fourteenth Amendment.

The district court dismissed Committe's claims. It found that Committe's speech was made in his role as a state employee, not a private citizen, so he failed to state a First Amendment claim. The court also rejected Committe's due process claim. It found that Committe lacked a property

interest in continued employment because he was an at-will employee. And at any rate, Gentry had not fired Committe or impugned his reputation at the time he sued—she had only removed him from his teaching duties. Finally, the court found that Committe had not stated a viable claim under the Privileges and Immunities Clause of the Fourteenth Amendment, because that clause governs States' treatment of other States' residents and was thus inapplicable to Committe's suit.

Committe appealed to us. While the appeal was pending, Committe moved to disqualify opposing counsel due to an alleged conflict of interest. But Committe did not attempt to establish that an attorney-client relationship had existed between himself and opposing counsel. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992). Instead, Committe objected to a letter he had received from opposing counsel asking him to send litigation-related correspondence to opposing counsel instead of NSU employees. After opposing counsel responded to Committe's motion, Committe filed another motion. This time he "move[d] this court to cause the arrest, or summons to appear in court" of opposing counsel for the alleged crime of requesting that litigation-related correspondence be sent to opposing counsel. Gentry moved to strike these motions from the record. She also sought an order barring Committe from filing further motions and an award of damages and costs pursuant to Federal Rule of Appellate Procedure 38.

## II.

Committe is proceeding *pro se*, and we construe the filings of *pro se* litigants liberally. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). When construed liberally, Committe's brief raises three claims. First, he argues that he sufficiently pleaded violations of his First Amendment rights to free speech and academic freedom. Second, he argues that Gentry is not

entitled to qualified immunity from his § 1983 claims. Third, he argues that the magistrate judge violated his due process rights by demonstrating bias in favor of Gentry. Each claim lacks merit.

First, Committe argues that he sufficiently pleaded violations of his First Amendment rights to free speech and academic freedom. "To establish a § 1983 claim for violation of the First Amendment right to free speech, [public university professors] must show that (1) they were disciplined or fired for speech that is a matter of public concern, and (2) their interest in the speech outweighed the university's interest in regulating the speech." *Buchanan v. Alexander*, 919 F.3d 847, 853 (5th Cir. 2019). Committe does not plausibly make either showing. He simply asserts that "the Defendant remov[ed] Plaintiff from his teaching assignments based on the content of his class planning document (syllabus) and Plaintiff's choice of teaching materials," and this removal was "to create orthodoxy in the class room." Committe does not elaborate on this conclusory assertion, beyond speculating that "[w]hat may have happened was the Defendant had a mental lapse because of other events happening that may have overwhelmed her judgment making." Committe's conclusory claim was properly dismissed.

Second, Committe argues that Gentry is not entitled to qualified immunity from his § 1983 claims. He argues at length that his constitutional rights to free speech and academic freedom are clearly established, such that qualified immunity should not insulate Gentry from suit. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This argument does not help Committe because he has not shown an underlying constitutional violation that Gentry could be held liable for even in the absence of qualified immunity. He has not plausibly alleged a First Amendment violation, as discussed above, and he does not adequately brief any argument that Gentry violated any other constitutional right.

Third, Committe argues that the magistrate judge violated his due process rights by demonstrating bias in favor of Gentry. Committe lodges a plethora of grievances about how the magistrate judge handled his case. The thrust of his complaint seems to be that the magistrate judge allowed Gentry to raise a qualified immunity defense and gave Committe an insufficient opportunity to develop facts to rebut it. Committe offers no authority suggesting that any of the magistrate judge's conduct, including his consideration of the qualified immunity issue, amounted to a violation of his due process rights.

## III.

We now consider the parties' motions. Committe has moved to disqualify Gentry's counsel for conflict of interest. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litig.*, 530 F.3d 83, 88 (5th Cir. 1976). Committe does not allege that he is a former client of Gentry's counsel or show why any of the "narrow exceptions" to our general rule, *see id.* at 89, should apply. We accordingly deny Committe's motion to disqualify.

After Gentry's counsel opposed Committe's motion to disqualify, Committe doubled down by moving to have Gentry's counsel arrested or summoned to appear in court. The motion was based on counsel's alleged continuing crime of violating his constitutional rights by asking him to direct litigation-related correspondence to counsel rather than to employees of NSU. Committe's motion is frivolous and is denied.

In response, Gentry moved to strike Committe's motions from the record and to bar Committe from filing any further motions during this appeal without prior approval from the court. Because we affirm the district court's order in this opinion, concluding the appeal, these motions are moot.

No. 20-30456

Gentry also filed a motion for damages and costs based on Federal Rule of Appellate Procedure 38, which provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Rule 38 "confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be frivolous." *Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020). We have generally used our discretion to award Rule 38 sanctions in matters involving malice, as opposed to ineptitude. *See id.* Although the district court noted that Committe has filed numerous meritless suits against universities and their lawyers for alleged employment discrimination or civil rights violations, this appears to be the first meritless appeal that Committe has filed in our court. Accordingly, we exercise our discretion not to grant sanctions under Rule 38 and deny Gentry's motion. Committe is nevertheless WARNED that further frivolous filings in this court may lead to Rule 38 sanctions.

\*    \*    \*

The district court's judgment is AFFIRMED. Committe's motions to disqualify counsel and arrest or summon counsel are DENIED. Gentry's motion for Rule 38 sanctions is DENIED. Gentry's motions to strike and to bar further motions are DENIED AS MOOT.