# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2022

Lyle W. Cayce
Clerk

No. 22-10379

Talon Management Services, L.L.C.; Talon Real Estate
Holding Corporation; Talon OP, L.P.,

*Plaintiffs—Appellants*,

*versus*

Goliath Asset Management, L.L.C.; 6PROPS, L.L.C.;
Dinesh Patel; Milan Patel,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CV-49

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:[*]

This case arises from a dispute regarding the ownership of seven hotel properties. Plaintiff-Appellant Talon asserts that it acquired the subject properties from First Capital Real Estate Operating Partnership, L.P. ("First Capital"), a non-party, which in turn obtained them from Defendant-Appellee 6Props. 6Props refused to concede ownership of the properties,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10379

maintaining that the agreement purporting to transfer them had been terminated. Talon sued 6Props, the Patels, and Goliath ("Defendants"), alleging a variety of state law claims. The district court granted 6Props's motion for summary judgment, and this appeal followed. For the following reasons, we AFFIRM the summary judgment. Additionally, we DENY Talon's motion for sanctions, GRANT Defendants' motion for Rule 38 sanctions, and REMAND to the district court to determine the amount of the award.

## I.     Background

A number of individuals and entities are relevant to this appeal. Talon is a Minnesota-based group of corporate entities engaged in commercial real estate. 6Props is a Texas limited liability company comprised of seven other corporate entities each of which owns a Texas or Oklahoma hotel as its principal asset ("Hotel Entities"). Dinesh and Milan Patel manage 6Props. Goliath is an independent company that operates and manages hotels.

In 2018, 6Props, Talon, and First Capital executed a series of contracts intended to transfer 6Props's hotel properties from 6Props, to First Capital, to Talon. Pursuant to a Purchase Sales Agreement ("PSA"), 6Props agreed to sell the hotel properties[1] to First Capital subject to certain "terms and conditions." Shortly thereafter, First Capital executed a series of Contribution Agreements with Talon promising to transfer "[a]ll of [its] right, title, and ownership interest" in the Hotel Entities in exchange for a designated amount of Talon's "LP Units."

---

[1] Notably, the PSA did not purport to sell the *Hotel Entities* to First Capital, only the land, buildings, structures, fixtures, parking areas, improvements, licenses, building plans, contracts, guaranties, warranties, bonds, and leases associated with the hotels owned by the Hotel Entities.

No. 22-10379

Talon contends that it acquired the Hotel Entities in December 2018 when it performed under the Contribution Agreements. Consistent with this belief, Talon amended its Limited Partnership Agreement to reflect the Hotel Entities' purported status as new limited partners of Talon Real Estate Holding Corporation and hired Goliath to manage and operate the hotels.

However, in December 2018, First Capital had not satisfied a key condition of its PSA with 6Props—refinancing (or assuming) the hotel properties' existing debts. First Capital's continued failure to fulfill this requirement caused one of the properties to default on its loans, and in July 2019, Dinesh Patel notified First Capital that he was terminating the PSA.[2]

Based on these events, 6Props concluded that title to the hotel properties never passed to First Capital, much less to Talon. According to Talon, 6Props conveyed this belief to a franchisor, imperiling Talon's efforts to renew the hotels' Franchisor Agreements. Additionally, when Goliath learned about the PSA's termination, it began reporting to 6Props and refused Talon's demands to turn over the hotels' books and records.

Shortly thereafter, Talon sued First Capital in Minnesota state court and 6Props, the Patels, and Goliath in Texas state court. In the Minnesota suit, Talon alleged that First Capital breached the Contribution Agreements by "failing to acknowledge [Talon's] ownership interest in the [H]otel [E]ntities and by actively interfering with [Talon's] ability to exercise its ownership rights." The Minnesota court held an offer of proof hearing, and First Capital failed to appear. The court issued a post-answer order and

---

[2] First Capital agrees that the PSA was terminated. Suneet Singal, First Capital's former CEO, testified that First Capital "has never held record title under a deed as the owner of the real property covered by the PSA."

judgment ("Minnesota Order") which rejected most of Talon's claims[3] but contained a conclusion of law stating that Talon performed under the Contribution Agreements and therefore "had a right to interest in the hotel properties."

In the present case, Talon sued Defendants for a variety of state law claims, including fraud, breach of contract, breach of fiduciary duty, interference with a contract, tortious interference with a business relationship, embezzlement, conversion, and civil conspiracy.[4] Defendants removed the case to federal court and moved for summary judgment on two primary related grounds: (1) Talon never owned the Hotel Entities or the hotels, and (2) Talon lacked privity with 6Props and the Patels. In response, Talon filed two motions relevant here. First, Talon sought leave to supplement the summary judgment record with the Minnesota Order. Second, over a month after Talon failed to timely submit its own motion for summary judgment, it moved to extend the summary judgment deadlines, urging that "Defendants['] attorney's personal circumstances" had forced it to delay its deposition of Dinesh Patel.

The district court denied both of Talon's motions and granted summary judgment for Defendants. Talon timely appealed. While the appeal was pending, Defendants moved for sanctions against Talon and its counsel pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. Talon, in turn, filed its own motion for sanctions under the same provisions, asserting that Defendants' motion was frivolous and malicious.

---

[3] Specifically, the court reasoned that Talon failed to prove that Singal possessed the requisite knowledge or malicious intent to establish Talon's state law claims.

[4] Talon also sought a preliminary injunction preventing Defendants from selling the hotels, destroying records, or appropriating the hotels' revenue and a declaratory judgment stating that Talon is the hotels' lawful owner.

No. 22-10379

## II.     Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332.[5] We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

We review a district court's grant of summary judgment de novo. *Mills v. Davis Oil Co.*, 11 F.3d 1298, 1301 (5th Cir. 1994). "Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (internal quotation marks and citation omitted). Where the non-movant would have the burden at trial, the movant is required only to point to the absence of evidence, and then the burden at summary judgment shifts to the non-movant to raise a genuine dispute of material fact that warrants a trial. *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015). A party has raised a "genuine dispute" if there is sufficient evidence that, if believed, would allow a jury to return a verdict for that party in a full trial on the merits. *In re La. Crawfish Prods.*, 852 F.3d 456, 462 (5th Cir. 2017).

## III.     Discussion

Talon argues that the district court erred in (1) granting Defendants' motion for summary judgment, (2) denying its motion to supplement the summary judgment record, and (3) declining to extend the summary judgment deadlines. We conclude that summary judgment was warranted. Because that holding is dispositive of Talon's other claims of error, we decline to reach them.

---

[5] Defendants' notice of removal as amended and accompanying exhibits demonstrate that § 1332's diversity of citizenship and amount in controversy requirements are satisfied. Talon did not challenge the removal.

No. 22-10379

## A.     Motion for Summary Judgment

Defendants' motion for summary judgment argued that Talon never acquired the hotels because 6Props terminated its PSA with First Capital, depriving First Capital of any interest to transfer to Talon. Talon does not directly contest this assertion. Rather, Talon responds that the following evidence nonetheless raises a genuine dispute of material fact as to its ownership of the hotel properties: (1) Talon's complaint,[6] which shows that Talon performed under the Contribution Agreements, (2) Talon's Amendment to its Limited Partnership Agreement adding the Hotel Entities as limited partners, (3) Patel and Singal's affidavits, which provide conflicting accounts regarding which party terminated the PSA, and (4) the Minnesota Order.

This evidence, however, not only fails to raise a genuine dispute of material fact as to Talon's ownership of the hotels—it is irrelevant. First, the Contribution Agreements merely show that First Capital agreed to provide Talon with any interest in the Hotel Entities it held. But First Capital could not convey property it never owned. Second, Talon's amendment to its Limited Partnership Agreement only, at most, shows that Talon *believed* it acquired the Hotel Entities, not that it *actually* did.[7] Third, Patel and Singal's affidavits at most raise a fact issue as to *who* terminated the

---

[6] We construe Talon's brief to argue that the district court should've considered the Contribution Agreements themselves, which were part of the summary judgment record. Talon's pleadings, however, are improper summary judgment evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[7] Another problem with Talon's argument is the incongruity between the PSA and the Contribution Agreements. The PSA purported to convey the *hotel properties* to First Capital, while the Contribution Agreements entitled Talon to First Capital's interest in the *Hotel Entities*. Accordingly, Talon could have, at most, acquired the hotel properties from First Capital—and if so, it should have been able to provide deeds of title proving its ownership.

agreements, not *whether* they were cancelled.[8]  Finally, the Minnesota Order (which, as discussed below, was not included in the summary judgment record) is not binding on Defendants, who were neither parties to the Minnesota suit nor in privity with First Capital.  *See Johnson v. Consol. Freightways, Inc.*, 420 N.W.2d 608, 613 (Minn. 1988) (noting that under Minnesota law, a state court judgment only estops a party from re-litigating an issue where the party was "a party or in privity with a party to the prior adjudication").  Moreover, the Order merely concluded that because Talon performed under the Contribution Agreements, it was entitled to First Capital's interest in the hotel properties; but, as discussed, First Capital never obtained any interest in the hotel properties to transfer.  Accordingly, Talon's evidence is wholly insufficient to raise a genuine dispute of material fact as to whether it acquired the hotels, which is the critical issue here.[9]

Separately, Talon argues that the district court abused its discretion by denying its motions to (1) supplement the record with the Minnesota Order and (2) extend the summary judgment deadlines.  But, as discussed, the Minnesota Order is irrelevant to the determination of Defendants' motion.  Additionally, Talon moved to extend the summary judgment deadlines because it allegedly needed additional time to depose Dinesh Patel.  Yet, Talon does not even attempt to argue that Patel's deposition raised a

---

[8] Specifically, Patel's affidavit asserts that 6Props terminated the PSA, while Singal's affidavit claims that after Talon failed to perform under the Contribution Agreements, "*First Capital* cancel[l]ed the agreement."

[9] Additionally, in the Statement of Facts of Talon's brief, Talon emphasizes that the "Global Hotel Management Agreement" between Talon and Goliath represented that Talon was the owner of the hotel properties, and that Goliath admitted as much in its 30(b)(6) deposition testimony.  But a mere recital in such an agreement demonstrates only that Talon recited that it owned the hotels—it has no bearing on who actually owned the hotels, i.e., whether 6Props transferred the hotels to First Capital.  Additionally, the 30(b)(6) testimony was not part of the summary judgment record.

genuine dispute of material fact as to Talon's ownership of the hotels. In fact, Talon's appellate brief does not mention the contents of the deposition at all. Accordingly, the district court's rulings were immaterial to the outcome of the case.

In sum, Defendants were entitled to summary judgment, and it is unnecessary to address whether the district court abused its discretion by denying Talon's other motions.[10]

## B.    Sanctions

Next, we consider Talon's and Defendants' dueling sanctions motions. Both parties moved for sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. Rule 38 allows appellate courts to award sanctions for "frivolous" appeals, and § 1927, in turn, provides for sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."

We begin by addressing Defendants' motion for sanctions against Talon for the filing of a frivolous appeal. At the outset, we reject Talon's arguments that Defendants' motion is procedurally defective because they filed it before we decided this appeal. Nothing in Rule 38, § 1927, or our

---

[10] Talon separately contends that Judge Kacsmaryk's rulings evidenced an inability to impartially adjudicate its claims, warranting his recusal from future proceedings. This issue is waived. *See Andrade v. Chojinacki*, 338 F.3d 448, 454 (5th Cir. 2003) ("Requests for recusal raised for the first time on appeal are generally rejected as untimely."); *see also United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010) (noting we "generally will not consider an issue raised for the first time in a reply brief"). Even if properly preserved, however, Talon's only evidence of Judge Kacsmaryk's lack of impartiality is his "consistent pattern" of ruling in Defendants' favor. This is utterly insufficient to justify recusal under 28 U.S.C. § 455(a). *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (observing that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Therefore, to the extent there is further litigation in the district court, there is no basis to mandate Judge Kacsmaryk's recusal.

precedent contains such a requirement.[11]   In fact, we have, many times, simultaneously adjudicated the merits of an appeal and a motion for sanctions for a frivolous appeal.  *See, e.g.*, *16 Front Street, L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549, 561–62 (5th Cir. 2018); *Baulch v. Johns*, 70 F.3d 813, 816–19 (5th Cir. 1995); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (5th Cir. 1985).[12]

As for the merits, we agree that Talon's appeal warrants sanctions under Rule 38.  First, as previously discussed, Talon's claims are patently frivolous: (1) Talon failed to reference any relevant evidence supporting its claims; (2) it challenged the district court's denial of its motion to extend the summary judgment deadline without articulating how the ruling materially impacted the case; and (3) it improperly raised an untimely and baseless recusal challenge.  More importantly, the entire premise of Talon's suit is nonsensical.  Talon has tried to argue—to both the district court and to us— that it acquired property from an entity that never owned it in the first place.

This contention is particularly egregious when one considers that Talon's counsel represented First Capital when it executed the PSA with 6Props—meaning he *knew* that Talon could not have acquired the properties based solely on its performance under the Contribution Agreements.  Pressing forward in the face of such consistent and persistent evidence that Talon never owned the relevant properties amounts to, at minimum, "reckless disregard of the duty owed to the court."  *Morrison v. Walker*, 939

---

[11] Talon's only cited authority for this assertion, *Smith v. Womans Hospital*, 671 F. App'x 884 (5th Cir. 2016) (per curiam) is inapposite.  There, we merely declined to impose sanctions because the challenged appeal was not wholly frivolous.  *Id.* at 889.

[12] Talon also seems to indicate that Defendants erred in moving for sanctions after Talon filed its opening brief.  But this argument is similarly unfounded—Defendants could not have known that Talon's appeal was sanctionable without being apprised of Talon's appellate arguments.

F.3d 633, 638 (5th Cir. 2019) (quotation omitted); *see also Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001) (noting that pursuit of a lawsuit "in the face of . . . bald evidence that there was no suit to pursue" may reflect bad faith). While Rule 38 does not require such a showing of objective bad faith,[13] it certainly bolsters our conclusion that sanctions are justified.[14]

Therefore, we grant Defendants' motion for Rule 38 sanctions against Talon and its counsel, jointly, in the awarding Defendants' reasonable attorney's fees for this appeal, and we remand to the district court to determine the amount of this award. *See Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980). Additionally, because we conclude that the requirements for Rule 38 sanctions are met, it is unnecessary to determine whether § 1927 sanctions are also warranted. *See Coghlan v. Starkey*, 852 F.2d 806, 818 (5th Cir. 1988) (noting that courts may "assess [Rule 38] sanctions against offending counsel, alone or jointly with the client, without reliance upon any authority other than Rule 38").

Needless to say, Talon's motion for sanctions—which is premised on the notion that Defendants' motion is frivolous—is denied.[15]

---

[13] *See Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988) (noting that "ill purpose is in no way a necessary element for imposition of sanctions under Rule 38").

[14] *See Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020) (noting that "the case for Rule 38 sanctions is strongest in matters involving malice, not incompetence").

[15] If anything, Talon's motion is, at least in part, frivolous. Rule 38 only applies to frivolous *appeals*, and is therefore completely inapplicable to Defendants' *motion*, and, as discussed, Talon provides no authority for its arguments that Defendants' motion is procedurally defective.

No. 22-10379

## IV.   Conclusion

For the aforementioned reasons, we AFFIRM the summary judgment, DENY Talon's motion for sanctions, GRANT Defendants' motion for Rule 38 sanctions against Talon and its counsel, and REMAND to the district court for proceedings consistent with this opinion.